IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY HILL ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | Electronically Filed |
| EDUCATION MANAGEMENT CORPORATION; ) | |
| d/b/a ART INSTITUTE OF PITTSBURGH ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under the Civil Rights Act of 1866 (Section 1981) (42 U.S.C. §1981), Title VII of the Civil Rights Act of 1964 (Title VII), as amended (42 U.S.C. §2000e et seq.), the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), and the Pittsburgh City Code, Chapter 659.02, to correct unlawful employment practices on the basis of race and sex, for retaliation for having engaged in protected activities and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a). This action is authorized and instituted pursuant to Section 1981, Title VII, the PHRA and the Pittsburgh City Code.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Defendant is located and where Plaintiff worked and, therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the

Western District of Pennsylvania.

## PARTIES

4.  Plaintiff, Larry Hill (hereinafter referred to as "Plaintiff" or "Hill"), a black male, has resided at all relevant times at 217 Mellon Street, West Mifflin, PA 15122. Plaintiff was employed by Defendant Education Management Corporation from in or about October 2002 until on or about April 9, 2007, when he was terminated.

5.  At all relevant times, Defendant Education Management Corporation (hereinafter referred to as "Defendant" or "EDMC"), a corporation which operates schools and learning institutions such as the Art Institute of Pittsburgh, where Plaintiff worked, and maintains a place of business at 420 Boulevard of the Allies, Pittsburgh, PA 15222.

6.  At all relevant times, Defendant has been subject to Section 1981, Title VII, the PHRA and the Pittsburgh City Code.

## BACKGROUND AND STATEMENT OF CLAIMS

7.  Plaintiff, a black male, was employed by Defendant as the Associate Director of Admissions for one of Defendant's schools, the Art Institute of Pittsburgh, from in or about October 2002, until on or about April 9, 2007, when he was terminated.

8.  Plaintiff performed his job satisfactorily throughout his employment with Defendant.

9.  Plaintiff complained to Malinda Hallett and George Pry on March 27, 2007, that Plaintiff's

supervisor, Director of Admissions Jeff Bucklew, was providing better quality leads and assigning unassigned applications to Plaintiff's female co-workers instead of Plaintiff because of his race and sex.

10. Plaintiff complained about this disparate treatment in lead disbursement, applications, assignments and favoritism to certain white female Admissions Representatives in numerous conversations, phone calls and meetings.

11. Plaintiff performed his duties without any particular incidents until after he complained of the race and sex discrimination.

12. Shortly after complaining, Defendant began to find fault with Plaintiff and/or his performance.

13. In addition, a promised unassigned application was denied to Plaintiff.

14. Plaintiff's supervisor, Jeff Bucklew, told Plaintiff's co-workers to stay away from Plaintiff because he was "bad news."

15. Plaintiff met with Patrick Shields, in Readmissions, about this discrimination.

16. Notwithstanding the complaints, management took no effective action to eliminate this preferential behavior.

17. Instead, management terminated Plaintiff.

18.     Plaintiff was given no reason for his termination.

19.     White females who were involved in Defendant's investigation were not terminated.

20.     Plaintiff's white female co-workers, Sandra Liendecker and Janine Jones, on the other hand, were not terminated but were merely disciplined.

21.     Defendant not only treated Plaintiff, a man, differently than the female co-workers in similar circumstances, but also applied a double standard to whites and women as compared to Plaintiff in terms of performance.

22.     In short, Defendant discriminated in favor of the white workers and discriminated adversely against Plaintiff simply because he was black.

23.     The termination of Plaintiff was a mere pretext for race and sex discrimination and for retaliation against Plaintiff for having earlier complained about sex and race discrimination.

24.     The discriminatory treatment of Plaintiff by Defendant was knowingly and willfully in violation of Section 1981, Title VII, the PHRA and the Pittsburgh City Code.

**COUNT I: RACE DISCRIMINATION (SECTION 1981 / TITLE VII / PHRA / PITTSBURGH CITY CODE)**

25.     Plaintiff hereby incorporates by reference Paragraphs 1 through 24 of his Complaint as though the same were more fully set forth herein.

26. Plaintiff is in a protected group based on race (black).

27. Plaintiff was qualified for the position in question (Associate Director of Admissions).

28. Plaintiff suffered an adverse action (termination).

29. Plaintiff was terminated because of his race.

30. Plaintiff was treated less favorably than whites in similar circumstances.

31. Defendant's actions were in violation of Section 1981's, Title VII's, the PHRA's and the Pittsburgh City Code's prohibition against race discrimination.

32. Defendant knew its actions against Plaintiff were in violation of Section 1981, Title VII, the PHRA and the Pittsburgh City Code.

33. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violations of the law: loss of pay; loss of business opportunities; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

34. Plaintiff is seeking lost wages, lost business opportunities, compensation for pain and suffering, attorney's fees and costs.

35. Defendant's violations of the law were knowing and willful and with malicious intent. Plaintiff is, therefore, also seeking punitive damages.

**COUNT II: SEX DISCRIMINATION (TITLE VII / PHRA / PITTSBURGH CITY CODE)**

36.  Plaintiff hereby incorporates by reference Paragraphs 1 through 35 of his Complaint as though the same were more fully set forth at length herein.

37.  Plaintiff is in a protected group based on sex (male).

38.  Plaintiff was qualified for the position in question (Associate Director of Admissions).

39.  Plaintiff suffered an adverse action (termination).

40.  Plaintiff was treated differently than females in similar circumstances.

41.  Plaintiff's termination was a mere pretext for sex discrimination.

42.  Defendant's actions are in violation of Title VII, the PHRA and the Pittsburgh City Code's prohibition against sex discrimination.

43.  Plaintiff has suffered tangible and intangible losses resulting from Defendant's violations of the law: loss of pay; loss of business opportunities; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

44.  Plaintiff is seeking lost wages, lost business opportunities, compensation for pain and suffering, attorney's fees and costs.

45. Defendant's violations of the law were knowing and willful and with malicious intent. Plaintiff is, therefore, also seeking punitive damage.

**COUNT III: RETALIATION (SECTION 1981 / TITLE VII / PHRA / PITTSBURGH CITY CODE)**

46. Plaintiff hereby incorporates by reference Paragraphs 1 through 45 of his Complaint as though the same were more fully set forth herein.

47. Plaintiff engaged in a protected act, i.e., complaining about race and sex discrimination in the workplace.

48. Plaintiff suffered adverse actions following his engaging in the protected activities.

49. There is a causal connection between Plaintiff's protected activities and the adverse actions.

50. Defendant knowingly and willfully retaliated against Plaintiff for Plaintiff having engaged in protected activities.

51. Defendant knew its actions against Plaintiff were in violation of Section 1981, Title VII, the PHRA and the Pittsburgh City Code.

52. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violations of the law: loss of pay; loss of business opportunities; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

53. Plaintiff is seeking lost wages, lost business opportunities, compensation for pain and

suffering, attorney's fees and costs.

54. Defendant's violations of the law were knowing and willful and with malicious intent. Plaintiff is, therefore, also seeking punitive damage.

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them from engaging in any employment actions or practices which discriminate on the basis of race and sex.

   B. Order Defendant and each of its agents and officers to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks and men and which eradicate the effects of its past and present unlawfully discriminatory practices.

   C. Order Defendant to make Plaintiff whole by paying appropriate lost income with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

   D. Order Defendant to pay compensatory damages to Plaintiff for injuries sustained as a result of Defendant's illegal actions.

   E. Order Defendant to pay punitive damages to Plaintiff for injuries sustained as a result of Defendant's malicious, intentional and reckless violation of his civil rights and injury to his reputation and his emotional well-being.

   F. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

G. Grant such further relief as the Court deems necessary and proper.

**Respectfully submitted,**

 **s/ Joseph H. Chivers**
**Joseph H. Chivers, Esquire**
**PA ID No. 39184**
**Suite 600**
**312 Boulevard of the Allies**
**Pittsburgh, PA 15222**
**jchivers@employmentrightsgroup.com**
**(412) 227-0763**
**(412) 281-8481 FAX**

**Counsel for Plaintiff**
**Larry Hill**

**Dated: June 27, 2008**